**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
)
)
v.                )
)   **C.A. No. 2007003170**
JOHN A. MUHAMMAD,     )
)
Defendant.      )
)
)
)

## ORDER

This 23rd day of October, 2025, the Court enters the following Order:

1.     The underlying facts of the case are summarized as follows. The complainant, LH, was a high school student under the age of 18. The Defendant had a relationship with the complainant's mother. LH testified at trial to three incidents of sexual assault by the Defendant. The Defendant was convicted by a jury and was sentenced to incarceration followed by probation. An appeal of the sentence resulted in an affirmance by the Delaware Supreme Court.[1]

2.     The Defendant, *pro se*, filed for relief under Rule 61 and for appointment of counsel. The Court could not make sense of his pleading and

---

[1] *Muhammad v. State*, 308 A.3d 169 (Del. 2023).

therefore appointed counsel to represent him.[2] Rule 61 counsel filed a more formal motion for relief. This was followed later by a "Notice of Addendum to Defendant's Motion for Postconviction Relief," which turned out to be a cover page by counsel for a handwritten, *pro se* document written by the Defendant.[3] This *pro se* addendum was no more understandable than his initial *pro se* Rule 61 motion, which predicated the Court's appointment of counsel in the first place.

3. On June 10, 2025, the Court wrote to counsel, reminding him that he was the attorney for the Defendant, that the Court would not consider a *pro se* addendum from a counseled Defendant, and if counsel believed the *pro se* addendum was supported by a good faith belief that the claims were supportable, counsel should file them himself.[4] Rule 61 counsel did not file a renewed or modified addendum. Those added pleadings will therefore not be considered.

## ANALYSIS

### A. Claims I and II: Trial counsel was preoccupied and did not prepare until the weekend before trial.

4. Defendant's first two claims for ineffective assistance of counsel are that trial counsel did not adequately prepare for trial because he was "preoccupied

---

[2] D.I. 35.
[3] D.I. 53.
[4] D.I. 59.

with another trial."[5]  Counsel denies this allegation by affidavit and asserts he spent many hours reviewing discovery materials and numerous communications from Defendant.[6]  The Court assumes that all criminal defense counsel are handling multiple matters at any one time.  Absent an articulated claim of actual prejudice, it is not a ground for relief that trial counsel was handling other matters.

### B. Claim III: Trial counsel failed to raise a defense theory based on retaliation.

5.      Defendant theorizes that LH made these allegations due to retaliation by LH's father.  The Defendant says that he told his trial counsel that a witness, Michael Corbin, was available to testify that LH's father had told Corbin that LH was a liar and that her father had coerced her into lying about the sexual assaults. Corbin would testify that the father was angered that Defendant had reported to LH's school guidance counselor that the family was "dysfunctional," in turn prompting the school to contact the Division of Family Services ("DFS").  And so, Corbin would say, father induced his daughter to make up allegations of sexual assault. LH's father was deceased at the time of trial, so Corbin was going to testify to this conversation without the availability of her father for cross examination.

---

[5] D.I. 49, ¶¶14-15.

[6] D.I. 57, p. 4.

3

6. It is true that LH's credibility was the primary evidence against the Defendant. Defendant's trial counsel swore to as much in his affidavit in response to the Rule 61 motion. But the proposed testimony from her father was quite clearly hearsay. When pressed, Rule 61 counsel argues that the testimony would have been admissible under the "residual exception" to the rule against hearsay.[7]

7. The Court is unimpressed that the statement had "circumstantial guarantees of trustworthiness." As the Supreme Court has said, "[t]he Court must be satisfied that there is a guaranty of trustworthiness associated with the proffered hearsay statement that is equivalent to the guaranties of trustworthiness recognized and implicit in the other hearsay exceptions."[8] This offered statement does not.

8. The scenario Defendant offers is transparently implausible. According to him, he cared for LH and sought only to give the school a "true assessment of her home life and living conditions."[9] The school contacted DFS and a welfare check was conducted, which bothered LH's father. Corbin relayed to Defendant a conversation he had with LH's father in which father allegedly stated that he had "coerced" LH into accusing Defendant. If father was indeed upset that Defendant's

---

[7] D.I. 62; D.R.E. 807.
[8] *Purnell v. State*, 979 A.2d 1102, 1107 (Del. 2009).
[9] D.I. 49, Ex. 1.

meddling had led to the DFS check – a proposition not supported anywhere else – why would he cook up a scheme to have his daughter make a false allegation of specific sexual assaults? Why not simply confront the Defendant directly? There are any number of ways a disgruntled father might respond. But choosing to induce his daughter to make false allegations of sexual assault against the reporter simply makes no sense.

9.  Moreover, had that story had been successfully offered, it carried significant risk to Defendant's trial strategy. If the jury did not believe LH's father had said that, it could easily have concluded that 1) Corbin was lying and 2) the Defendant had offered a liar to support a theory of defense that was belied by the quite credible, non-hearsay testimony of LH. Rather than helping the Defendant, it may well have redounded to his detriment.

10.  In his affidavit, trial counsel explains his strategy in offering a more plausible defense at trial than the "unsupported allegations and speculation of Mr. Corbin set forth in a handwritten note."[10] "If an attorney makes a strategic choice after thorough investigation of law and facts relevant to plausible options, that decision is virtually unchallengeable."[11]

---

[10] D.I. 57, p. 6.
[11] *Green v. State*, 238 A.3d 160, 174 (Del. 2020) (citing *Purnell v. State*, 106 A.3d 337, 342 (Del. 2014)).

5

11. Rule 61 counsel has not made the case for admissibility of the statements of the deceased father of the Defendant's accuser. Finding that the testimony would have been ruled inadmissible, trial counsel was not ineffective for failing to offer it into evidence. Furthermore, trial counsel was reasonable in selecting a more plausible defense theory not solely reliant on hearsay.

**C. Claim IV: Trial counsel's cross examination of LH was ineffective.**

12. Defendant also claims that trial counsel's cross examination of LH was "ineffective" and failed to attack her credibility.[12] Cross examination of a child witness is inherently perilous and it would be a rare case to find the particular style and questioning to be a basis for finding ineffective assistance.

13. Defendant claims that LH should have been cross examined about a doctor's note in which LH stated that Defendant forced her to touch his penis. Trial counsel elected not to mention the note because it "served no beneficial defense purpose to highlight" or to provide "additional evidentiary support for the charge alleged…."[13] This was not an unreasonable decision by trial counsel.

---

[12] D.I. 49, ¶17.
[13] D.I. 57, p. 7.

**D. Claim V: Trial counsel failed to call witnesses to testify to motive and character for truthfulness.**

14. Defendant next argues that trial counsel was ineffective for not calling witnesses, such as Michael Corbin, who could testify in support of his retaliation defense. As explained, trial counsel reasonably chose not to employ the retaliation theory due to the lack of non hearsay evidence.

15. As to the Defendant's character for truthfulness, opening the door to character evidence would have allowed the State to cross examine his witnesses regarding their knowledge of his prior arrest for indecent exposure.[14] Trial counsel reasonably chose not to open the door to damaging testimony.

**E. Claim VI: Trial counsel failed to secure phone records of various witnesses.**

16. Rule 61 counsel argues that trial counsel was ineffective because he failed to "secure, by subpoena or otherwise, the phone records of witnesses who testified that they spoke by phone with LH, corroborating to some degree, LH's allegations against the Defendant."[15] Rule 61 counsel says whether the phone calls could be verified by phone records was never developed by trial counsel.

17. Rule 61 counsel recounts that two state witnesses testified to receiving phone calls from the complainant during which she told them of Defendant's sexual

---

[14] *See* D.R.E. 608.
[15] D.I. 49, ¶19.

assaults. Certainly, records would not show the content of any such conversation. Whether they would show a specific telephonic connection between two phone numbers on a particular date and time is still unknown: Rule 61 counsel did not procure said records either.

18. Since the point of a Rule 61 motion is to determine whether the demands of due process have been met by a fundamentally fair trial, Rule 61 counsel must come forward with the evidence that demonstrates fundamental unfairness. A subpoena for phone records was equally available to Rule 61 counsel as it was to trial counsel. The Court will not speculate what any such subpoena would reveal and cannot find a reasonable probability that the result would have been different had phone records been subpoenaed.

**F. Claim VII: Trial counsel failed to highlight the Detective's lack of investigatory notes.**

19. There is a claim of ineffective assistance for not highlighting the detective's failure to retain handwritten notes.[16] At trial, counsel cross examined the Detective with his police reports, so any handwritten notes or lack thereof were irrelevant. Defendant has failed to demonstrate that these notes would lead to a different result than the actual police reports.

---

[16] D.I. 49, ¶20.

**G. Claim VIII: Trial counsel failed to object to hearsay at trial.**

20.     Defendant's final argument for ineffective assistance of counsel is trial counsel failed to object to hearsay statements made by various witnesses about LH's prior statements.[17]   Defendant has not identified specific hearsay statements that should have been objected to nor has he articulated how "requir[ing] the State to articulate a hearsay exception" would have changed the outcome of his case. Furthermore, such statements would be exceptions to hearsay under 11 *Del. C.* § 3507 and D.R.E. 801(d)(1) as the declarant, LH, was present and available for cross examination.

**CONCLUSION**

21.     Having considered Defendant's counseled Rule 61 motion and finding it insufficient to raise a basis to overturn the jury's verdict or grant a new trial, the Rule 61 motion is **DENIED**.

**IT IS SO ORDERED.**

 **/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc: Prothonotary
       Diana A. Dunn, Deputy Attorney General
       James J. Haley, Jr., Esquire

---

[17] D.I. 49, ¶21.